**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**Southern Division**

| | | |
|---|---|---|
| **V.  CHARLES DONNELLY** | * | |
| PO Box 1464 | | |
| 14532 Solomons Island Road | * | |
| Solomons, Maryland 20688 | | |
| Calvert County | * | |
| | | |
| **DIGIOVANNI'S DOCK OF THE** | * | |
| **BAY, INC,** A Maryland Corporation | | |
| C/o Geraldine D. Giovanni | * | |
| 12112 Catalina Drive | | |
| Lusby, Maryland 20657 | * | |
| Calvert County | | |
| | * | |
| **PRIME ISLAND PROPERTIES, LLC** | | |
| A Maryland Limited Liability Company | * | |
| C/o Timothy Holt | | |
| 11170 Mears Creek Road | * | |
| Lusby, Maryland 20657 | | |
| Solomons, Maryland 20688 | * | |
| Calvert County | | |
| | * | |
| **CONNER, LLC** | | |
| A Maryland Limited Liability Company | * | Case No. 8:20-cv-3654 |
| C/o Brian E. VanDeVander | | |
| P.O. Box 379 | * | |
| Solomons, Maryland 20688 | | |
| Calvert County | * | Jury Trial |
| | | |
| **SOLOMONS ISLAND YACHT CLUB, INC.** | * | |
| A Maryland Corporation | | |
| C/o Michael Stanton, Commodore | * | |
| 14604 Solomons Island Road | | |
| P.O. Box 206 | * | |
| Solomons, Maryland 20688 | | |
| Calvert County | * | |

and

1

| | |
|---|---|
| **CHRISTOPHER J. MOORE** | * |
| 5131 Shore Drive | |
| Hunting town, MD  20639 | * |
| Calvert County | |
| | |
|     **Plaintiffs** | * |
| | |
| **V.** | * |
| | |
| | * |
| | |
| **STATE OF MARYLAND** | |
| **GOV. LAWRENCE J. HOGAN, JR** | |
| **OFFICE OF THE GOVERNOR** | * |
| **STATE HOUSE, ANNAPOLIS, MD 21401** | |
| | * |
|     <u>SERVE</u> BRIAN E. FROSH, ATTY GEN | |
|     200 ST PAUL PLACE | * |
|     BALTIMORE, MD 21202 | |
| | * |
|     And | |
| | * |
| **BOARD OF COUNTY COMMISSIONERS OF** | |
| **CALVERT COUNTY, MARYLAND** | * |
| 175 MAIN STREET | |
| PRINCE FREDERICK, MARYLAND 20678 | * |
| | |
|     <u>SERVE</u> JOHN B. NORRIS, III | * |
|     COUNTY ATTORNEY | |
|     175 MAIN STREET | * |
|     PRINCE FREDERICK, MD 20678 | |
| | * |
|     **Defendants** | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT FOR INVERSE CONDEMNATION AND RELATED CAUSES OF ACTION AND <u>DEMAND FOR JURY TRIAL</u>

1.    Plaintiffs, V. Charles Donnelly, DiGiovanni's Dock of the Bay, Inc.,  Prime Island Properties, L.L.C., Conner, LLC,  Solomons Island Yacht Club, Inc., and Christopher J. Moore, by and through their undersigned counsel, sue the Defendants, State of Maryland

2

("State") and Board of County Commissioners of Calvert County, Maryland ("County"), for damages resulting from the Defendants' intentional deprivation of the Plaintiffs' constitutionally protected property rights.

2. This complaint is brought as a result of Defendants' refusal to allow Plaintiffs to build commercial piers off the Solomons Island bulkhead and the taking of those commercial contract pier rights. The Plaintiffs are owners of vested contract pier rights granted originally by the State Roads Commission ("SRC') in 1957 as part of a State highway project to expand the western shoreline of the island along the Patuxent River and to stop the serious erosion to MD Route 2. All of the Plaintiffs, or their predecessors in interest, owned property along MD Route 2 across from the waterfront. They held oyster leasing rights, riparian rights and other property rights necessary to construct the bulkhead planned by the State. In exchange for release of their water rights, the SRC granted the Property Owners, their heirs, successors, and assigns the:

> "right to construct, maintain or repair any pier structure they may desire to erect outside the proposed bulkhead."

The SRC subsequently exercised the options, and deeds to effect the conveyances were recorded in the Calvert County Land Records. The State Highway Plats for the project also recording the contract numbers and owners and are filed in the Calvert County land records. Under Maryland law State Highway Plats filed are deemed "deeds."

## THE PARTIES

3. Plaintiff V. Charles Donnelly ("Donnelly") owns real property located at 14532 Solomons Island Road, Solomons, Calvert County, Maryland, Parcel 0028, Tax Map 046A. He is the successor in title to Harold and Clarice Langley who owned this real property in 1957 and to whom the State granted contract pier right No. 40135. Plaintiff Donnelly also holds by

3

assignment recorded in the land records of Calvert County, contract pier right No. 40139 originally granted by the State to Earle G. Coster.  Additionally, Donnelly by Deed holds a ten percent (10%) undivided interest in contract right No. 40138 originally granted by the State and located on real property at 14544 Solomons Island Road, Solomons, Maryland .

4. Plaintiff DiGiovanni's Dock of the Bay, Inc., a Maryland Corporation, holds contract pier right No. 40138 originally granted by the State of Maryland to Halvor H. Hellen in 1957.  DiGiovanni is a subsequent assignee and is a resident of Calvert County, Maryland.

5. Plaintiff Prime Island Properties, LLC, a Maryland Limited Liability Company, is located in Calvert County, Maryland, owns real property in Solomons, Maryland and owns contract pier right Nos. 40133 and 40134. The LLC is successor in title to George Carey and Clara Johnston, to whom the contract pier rights were originally granted by the State in 1957.

6. Plaintiff Conner, LLC, a Maryland Limited Liability Company, owns real property in Solomons, Calvert County, Maryland and holds contract pier right number 40124. The LLC is successor in title to Harry A. Woodburn, to whom the contract pier right was originally granted in 1957.

7. Plaintiff Solomons Island Yacht Club, Inc., a Maryland Corporation, owns real property located on Solomons Island, Calvert County, Maryland and holds contract pier right number 40142. The Corporation is the original owner of the contract pier right granted by the State in 1957.

8. Plaintiff Christopher J. Moore, resides in Calvert County, Maryland and holds contract pier right number 40140. He is successor in title to Maggie Evans, to whom the contract pier right was originally granted by the State in 1957.

9. Defendant State of Maryland is a body corporate and public, which exercises executive and legislative powers within the State.  The State also regulates tidal wetlands and waterways located in the State and grants permits for maritime construction projects, including but not limited to the construction of piers and wharfs.  The State also regulates and constructs highways and marine projects.

10. Defendant Board of County Commissioners for Calvert County, Maryland ("County") is a body corporate and politic, which exercises the administrative, executive and legislative powers of Calvert County Government pursuant to Local Government Division III, Annotated Code of Maryland, as amended.  In such capacity, the County enters into contracts, agreements, executes deeds for recording in the County land records and adopts local zoning regulations.

## JURISDICTIONAL BASIS OF THE CLAIMS

11. This action is brought pursuant to Article 1 Section 10 of the Constitution of the United States of America and 42 U.S.C.A § 1983 and claims of violations of the Plaintiffs' civil rights as guaranteed by the Contracts Clause (Article 1, Section 10) and the Fifth and the Fourteenth Amendments to the United States Constitution.

12. This court has jurisdiction over the claims pursuant to 28 U.S.C.A. Section 1331. This action arises out of the Constitution of the United States of America and alleges violations of constitutionally protected rights of the Plaintiffs who are citizens of the United States of America, or domestic associations.

13. The claims brought under the Maryland Constitution, common law of contracts and statutory law arise from the same operative nucleus of facts and circumstances that form part

of the same case and controversy. Accordingly the court has jurisdiction over these supplemental claims pursuant to 28 U.S.C.A. Section 1367.

14. All of the actions of Defendants giving rise to this action substantially occurred in Calvert County, Maryland.

15. The amount in controversy exceeds the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000) exclusive of statutory entitlement to attorney's fees and costs.

## FACTS COMMON TO ALL THE COUNTS

16. This cause of action arises from the State and the County's purposeful and deliberate violations, breach of contract and takings of Plaintiffs' property rights located on Solomons Island, Maryland. The property rights are vested contract pier rights granted by the State to the Plaintiffs and their predecessors in 1957 as part of a State highway project on the island. In 1957, the State Roads Commission ("SRC") acquired Rights of Way from the owners of properties abutting the Patuxent River on Solomons Island. The SRC acquired a right of way along the shoreline of Solomons Island, planning to extend the existing shore line out into the Patuxent River about 125 feet and to build a bulkhead to run parallel to MD Route 2, ostensibly to protect and secure the highway from further erosion.

17. Approximately thirty (30) property owners and the State signed option contracts. In return for releasing their oyster lease rights and riparian rights in the State right of way area, the State granted the property owners, their heirs, successors and assigns the right to construct, repair and maintain any pier they "desired" off the new bulkhead. The area in between the bulkhead and MD Rte. 2 was to be filled. All of the Option Contracts substantively have the same language and the grant the contract right to build piers off the bulkhead. The option

6

contracts were specifically granted in lieu of condemnation and/or the payment of compensation for the value of the rights granted to the State.

18. During the 1960's, 70's and early 80's, some piers were built off the bulkhead and used for commercial purposes. Faced with a growing interest in Solomons generally and construction of more piers off the bulkhead, the County placed a moratorium on the construction of any piers in February, 1986. On June 10, 1986, the County adopted a Solomons Town Center Master Plan and Zoning Ordinance ("Master Plan"), The Master Plan devoted pages to the regulation and development of the commercial pier bulk head. On a page titled "Commercial Pier(a) along the Bulkhead" the Master Plan proposed three alternative methods for dealing with the private commercial pier rights: (1) allow holders of riparian rights along the Patuxent River to build their own private commercial piers; (2) limit commercial pier construction to a single pier, offer first rights to retail space on the pier to the holders of riparian rights, and financially compensate the affected holders of riparian rights; or (3) prohibit the construction of any new piers along the Patuxent River and financially compensate the affected holders of riparian rights. The County declined to implement any of these options. Instead, the County elected to impose a moratorium on the construction of any new commercial piers "until more detailed planning of the expanded bulkhead is undertaken." This moratorium continued for over 23 years.

19. In 1998 and 2001, the State transferred MD Rte. 2, the bulkhead and the easement rights of way to the County at the County's request. Pursuant to the three highway transfer deeds, the County accepted the rights of way and bulkhead subject to all rights reserved to the former owners of the area.

20. Eight years later, effective September 22, 2009, the County Commissioners illegally exercised their zoning authority to extinguish the Plaintiffs' vested contract rights by

amending the Town Master Plan and Ordinance to prohibit the construction of any new commercial piers off the bulkhead. No compensation was paid to the owners of the contract pier rights despite recognition of this obligation if a taking in the 1986 Town Plan. The County also did not comply with the requirements adopted by the General Assembly and approved by the Governor in 2007 which required that a State or County "shall file an action to acquire private property for public use by condemnation within 4 years of the date of the specific administrative of legislative authorization to acquire authority." Maryland Real Property Article Section 12-105(b), Annotated Code of Maryland. And "if an action for condemnation is not filed within four years of the date in subsection (2) of this section, the State or any of its instrumentalities or public subdivisions may not proceed with condemnation until it first obtains new authorization to acquire the property." The County and or the State never complied with the condemnation requirement.

21. In April 2012, Plaintiff Donnelly and a neighboring property owner filed a joint pier application with the State, the County and the U.S. Army Corp of Engineers to construct a commercial pier. The State denied the application on April 10, 2012 stating: (1) the alleged contract right is superseded by the State Tidal Wetlands Act of 1970; (2) the Tidal Wetlands Act prohibits non water dependent structures on the proposed commercial pier; and (3) the proposed pier conflicts with the Solomons Town Center Ordinance. The denial of the application triggered litigation between the Plaintiffs, the State and the County beginning in August 2012 and lasting through March 27, 2020.

22. On June 1, 2012, the County denied the Donnelly pier application alleging there was no contract right to build commercial piers off the bulkhead and that if such a right had existed, it was terminated by the amendment to the Solomons Town Ordinance prohibiting such

piers. The U.S. Army Corp of Engineers stayed its review of the application until the issues were decided with the Maryland Department of Environment ("MDE") and the County.

23. Donnelly and the neighboring property owner filed a timely appeal of the County's decision to the Calvert County Board of Appeals (the "Board of Appeals"). After a hearing, the Board of Appeals issued an Order on September 26, 2012 holding that Donnelly had a contractual right to construct a pier subject to the approval of the U.S. Army Corps of Engineers and that the County's denial of Donnelly's proposal to construct a new pier was in error. The County and MDE filed an administrative appeal to the Circuit Court for Calvert County. On appeal, the Circuit Court affirmed the Board of Appeals' decision.

24. On August 22, 2012, Donnelly and several other contract pier right owners filed a civil complaint in the Circuit Court for Calvert County naming the State and County as defendants. The complaint alleged that the Plaintiffs held enforceable contract pier rights (easements) to construct piers off the Solomons bulkhead, that the State and County had breached Donnelly and his co-applicant's contract rights, and that other Plaintiffs were entitled to an anticipatory breach of contract finding based on the similarly of all of the contracts, the facts and the issues.

25. The Circuit Court issued a declaratory judgment Order in Plaintiffs' favor, declaring that Donnelly and the other property owners had contract pier rights and that the State and County had breached Donnelly's contract right by denying the joint pier application. The Order also directed the assignment office to set a hearing on the issue of damages for the breach of the Donnelly rights. The State and County appealed the Circuit Court's decisions to the Maryland Court of Special Appeals ("CSA").

26. On April 20, 2015, the CSA issued its opinion in the administrative agency case affirming the Circuit Court judgment denying the County's petition for judicial review of the BOA and holding that the Board of Appeals was legally correct in determining that Applicants have a contractual right to construct a pier onto the Patuxent River. The CSA also affirmed the Court's findings in the civil action granting a declaratory judgment and finding that the Defendants had breached their contracts with Plaintiffs and that they owed Plaintiffs damages. In both cases, the CSA specifically rejected the State and County arguments that the pier rights are riparian rights which precluded the constructions of such piers pursuant to the Maryland Tidal Wetlands Act of 1970. The CSA remanded the case back to the Circuit Court. Neither the County nor the State appealed the CSA decisions.

27. On July 14, 2016, at a motions hearing, the Circuit Court granted partial summary judgment in favor of all the Plaintiffs now in the case on the issue of Defendants' liability. Also on that date, MDE's attorney argued for summary judgment in favor of the State. In a lengthy dialog with the court and in response to questions from the Court, the counsel for MDE stipulated and stated in open court, on the record, that if released from the case and plaintiffs' claim for damages, the State would not interfere with Plaintiffs' rights to construct the piers, would issue the permits based on the Court's decisions to date and would encourage the Army Corps of Engineers to move forward on the applications. The Plaintiffs consented to the State's release from the case and the Court dismissed the State from the case.

28. On August 11, 2016, a jury trial was held on Donnelly's claim for damages against the County. The Court wrongfully excluded Donnelly's damages evidence, which was based on fair market value of the right, and entered judgment in favor of the County, noting the

parties and the Court might benefit from taking the matter "to Annapolis" for guidance. Donnelly filed a timely Notice of Appeal.

29. The State re-appeared in appeals and cross appeals filed by Donnelly and the County involving the formula for calculating damages owed Donnelly for breach of his contract pier right. By re-entering into the appeal, the State breached its prior consent agreement in settlement of the case but was permitted by the Maryland appellate courts to rescind its prior stipulated agreement and argue against the pier rights.

30. The CSA consolidated appeals and cross appeals filed by all of the parties, which included appeals regarding the CSA's request to the Circuit Court for a signed Order by a Circuit Court so the record was closed for final judgment appeal purposes. Instead of arguing the issues on appeal - calculating damages for a breach of the Donnelly contract pier right and acting on the State's settlement agreement with the Plaintiffs – the State and the County litigated issues not on appeal, i.e., whether or not the contract rights existed or were enforceable.

31. On November 14, 2019, the CSA issued an eighteen-page opinion affirming the Circuit Court Order on appeal in all respects. Despite the fact that there had been no change in the material facts and circumstances that led to its 2015 decisions to the contrary, the CSA concluded that the contract rights at issue were ordinary riparian rights, subject to the Tidal Wetlands Act of 1970 and extinguishable by the State and the County at will.

32. In effect, the State Courts under the color of law, deprived the pier right holders of their valuable pier rights, which deprivation was inconsistent with the Court's prior decisions in 2015 adjudicating the pier rights. The CSA's opinion failed to address the issues actually on appeal. Plaintiffs filed a timely Petition for Writ of Certiorari with the Maryland Court of Appeals, which was denied on March 27, 2020.  The bottom line is the Defendants took the pier

rights and never compensated the owners of the pier rights which the Maryland Court of Appeals rubber stamped. The CSA November 14, 2019 Opinion, and the actions of Defendants State and County governments recited herein constitute an actionable inverse condemnation claim.

33. Defendants' acts or omissions have resulted in a de facto taking of Plaintiffs' property rights for more than thirty (30) years and a loss of intended economic benefit to Plaintiffs. During that period of time, Defendants denied the plaintiffs' pier rights and requests for applications under the guise of "further study," thus denying Plaintiffs of their rights to develop their property in bad faith.

34. As a result of Defendants' wrongful conduct, Defendants under the United States Constitution and the Maryland Constitution are required to pay full and just compensation to Plaintiffs.

## COUNT I

### Regulatory Taking/Inverse Condemnation by the Defendant County

35. Plaintiffs incorporate, as if fully set forth herein, the allegations contained in Paragraphs 1 through 34 of this Complaint.

36. Plaintiffs are the owners of vested contract rights to build commercial piers off the Solomons Island bulkhead.

37. The actions of Defendant County as aforesaid fail to advance any legitimate purpose and have the effect of denying Plaintiffs the beneficial use of their properties and their legitimate investment-backed expectations, all in violation of plaintiffs' constitutional rights as secured by the Fifth and Fourteenth Amendment to the United States Constitution and the Maryland Constitution, Declaration of Rights, Article 24.

38. The Ordinance changes and other actions of the County as aforesaid, including

their use of the Maryland courts, have had the effect of regulating the pier rights into a state of economic inutility, thereby leaving plaintiffs with no reasonable use of their property, and inversely acquiring the same as open space, without compensation having been paid, all in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the Maryland Constitution, Declaration of Rights, Article 24.

39. Accordingly, the Plaintiffs are entitled to just compensation for the temporary taking of their property rights and just compensation for the permanent taking of the property rights which diminished any value tied to use of the pier rights off the Solomons bulkhead.

## COUNT II

### Regulatory Taking/Inverse Condemnation by the Defendant State of Maryland

40. Plaintiffs incorporate, as if fully set forth herein, the allegations contained in Paragraphs 1 through 39 of this Complaint.

41. Plaintiffs are the owners of vested contract rights to build commercial piers off the Solomons Island bulkhead.

42. The actions of Defendant State as aforesaid fail to advance any legitimate purpose by the State, in effect denying Plaintiffs the beneficial use of their properties and their legitimate investment-backed expectations, all in violation of plaintiffs' constitutional rights as secured by the Fifth and Fourteenth Amendment to the United States Constitution and the Maryland Constitution, Declaration of Rights, Article 24.

43. Like Defendant County, Defendant State has paid no just compensation for the taking of Plaintiffs' pier rights in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the Maryland Constitution, Declaration of Rights, Article 24. Accordingly, the Plaintiffs are entitled to just compensation for the temporary taking of their

property rights and just compensation for the permanent taking of the property rights which diminished any value tied to use of the pier rights off the Solomons bulkhead.

## COUNT III
### 42 U.S.C. Section 1983 Violations of Substantive Due Process

44. Plaintiffs incorporate, as if fully set forth herein, the allegations contained in Paragraphs 1 through 43 of this Complaint.

45. The Plaintiffs have property interests in their ownership of the contract pier rights in Solomons, Maryland.

46. At all times the Defendants were acting under the color of State law.

47. The actions of defendants as aforesaid lacked any legitimate basis and were arbitrary, capricious, not rationally related to any legitimate government interest, improperly motivated and conscience shocking, in violation of substantive due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and by the Maryland Constitution, Declaration of Rights, Article 24.

48. The actions of the Defendants as aforesaid were taken out of ill will and designed to harm the Plaintiffs and to deny them legal and proper use of their properties.

49. The Defendants acted with knowledge that their actions against Plaintiffs were unrelated to any legitimate government interest.

50. The Plaintiffs have been deprived of the legal and proper use of their properties and were otherwise injured as a result of the Defendants' actions.

## COUNT IV
### 42 U.S.C. § 1983 Violations of the Equal Protection Clause
### (Disparate Treatment)

51. Plaintiffs incorporate, as if fully set forth herein, the allegations contained in

14

Paragraphs 1 through 50 of this Complaint.

52. The Plaintiffs have property interests in their ownership of vested contract pier rights in Solomons, Maryland.

53. At all times the Defendants were acting under the color of State law.

54. The actions of Defendants as aforesaid were discriminatory, arbitrary, capricious, unreasonable, malicious, improperly motivated and conscience-shocking, and sought to deprive Plaintiffs of the use of their property, whereas other proximate and/or similarly situated properties, including one owned by Defendant County, were allowed to build commercial piers, and were not accorded the treatment suffered by the Plaintiffs and complained of herein.

55. The actions of the Defendants as aforesaid were taken out of ill will and designed to harm the Plaintiffs and to deny them legal and proper use of their properties.

56. The Plaintiffs have been deprived of the legal and proper use of their properties and were otherwise injured as a result of the Defendants' actions.

## COUNT V
## Breach of Contract

57. Plaintiffs incorporate, as if fully set forth herein, the allegations contained in Paragraphs 1 through 56 of this Complaint.

58. The pier rights granted by the State constituted contracts with each and every Plaintiff and their predecessors. As more fully set forth above, the State granted the Plaintiffs and their predecessors the right to build piers off the newly constructed bulkhead in exchange for the grants of the Plaintiffs' and their predecessors' land and water rights. The pier rights were the only form of consideration offered to the Plaintiffs and their predecessors in exchange for the valuable property rights given to Defendant State in 1957.

59. The later denial of Plaintiffs' contractual rights to construct a commercial pier off

15

the Right of Way bulkhead on the Patuxent River is a breach of contract. The denial of Plaintiffs' contract rights was definite and purposeful and a breach of Plaintiffs' property rights and constituted a governmental taking without compensation.

60.     The Plaintiffs have complied with their contract obligations under the contract.

61.     As a result of Defendants' breaches, Plaintiffs have suffered damages by way of the complete diminution of value of their pier rights.

COUNT VI
**Impairment of Contract**

62.     Plaintiffs incorporate, as if fully set forth herein, the allegations contained in Paragraphs 1 through 61 of this Complaint.

63.     The pier rights granted by the State constituted contracts with each and every Plaintiff and their respective predecessors. The Defendant State's subsequent denial of the contract rights granted Plaintiffs' predecessors over fifty (50) years after granting the commercial pier rights unreasonably impaired, altered and extinguished the existing terms and the State's obligations under the individual contracts with the Plaintiffs in violation of the contracts clause of the Constitution of the United States.

64.     Defendant County impaired the Plaintiffs' contract by amending its zoning ordinance prohibiting construction of any new commercial piers off the Solomons bulkhead. Defendant State impaired the Plaintiffs' contract rights by ratifying the County's conduct and purporting in litigation that State legislation adopted after the grant of the contract rights supported prohibition on construction of new commercial piers off the Solomons bulkhead. The Defendant County's agreement to take over the easement right of ways from the State in 1998 and 2001, contained an explicit statement that the County's rights were subject to the contract rights still held by the former owners of the rights of way were in violation of the Plaintiffs'

contracts. In 2009, the County knowingly, deliberately and maliciously impaired the contracts with the Plaintiffs by destroying the contracts and their rights and diminishing the value of the property rights.

65. By their actions, Defendants have substantially impaired Plaintiffs' contract rights by making those rights effectively worthless under the current statutory and regulatory scheme as advanced by the Defendants. As vested contract rights, the Defendant County could not use it's zoning laws to destroy the rights.

66. The nature of the terms and consideration under the contracts required the County, by its own admissions, to allow the Plaintiffs to construct their piers or to compensate the Plaintiffs for the fair market value of their individual pier rights. The County deliberately and in bad faith set out to destroy the pier rights it acknowledged and agreed to in the 2001 transfer of the bulkhead and easements to the County.

## COUNT VII
### Breach of Implied Covenant of Good Faith and Fair Dealing

67. Plaintiffs incorporate, as if fully set forth herein, the allegations contained in Paragraphs 1 through 66 of this Complaint.

68. By operation of law, the contracts granting commercial pier rights to Plaintiffs contained an implied covenant of good faith and fair dealing which prohibits either party from depriving the other of the intent and benefits of its contract.

69. The conduct and breach by Defendants State and County, as described above, was in violation of the covenant of good faith and fair dealing, and harmed Plaintiffs, depriving them of any economically beneficial exercise of the contract rights.

70. Defendants' actions were a proximate cause of the harm inflicted on Plaintiffs.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiffs respectfully request the entry of judgment against the Defendants, jointly and severally, as follows:

      (a)    For a declaration pursuant to 28 U.S.C.A. § 2201 that all actions in pursuit of a taking and inverse condemnation respecting Plaintiffs' property are in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

      (b)    respectfully request judgments in their individual favor for just compensation and damages as a result of the Defendants' temporary takings and a final permanent taking of their individual pier rights by the State and County;

      (c)    respectfully request a declaration pursuant to 28 U.S.C.A. § 2201 that all actions in pursuit of a taking and inverse condemnation respecting Plaintiffs' property are null and void and of no force and effect;

      (d)    respectfully request just compensation, compensatory damages, consequential damages, punitive damages, incidental damages, interest, costs of suit, and counsel fees pursuant to 42 U.S.C.A. § 1988 and any other applicable statutes or laws; and

      (e)    respectfully request the court award any other relief it may deem appropriate and equitable in this matter.

**REQUEST FOR JURY TRIAL**

Plaintiffs request a trial by jury on all issues so triable.

   \_\_/s/ V. Charles Donnelly_____
V. Charles Donnelly, Esq.
Attorney No, 07537

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

\_\_/s/ V. Charles Donnelly_____
V. Charles Donnelly, Esquire
Attorney No.  07537
14532 Solomons Island Road,
PO Box 1464
Solomons, Maryland 20688
410 326-5274 (office)
410 326 0595    (fax)
vcdlaw@comcast.com

*Plaintiff V. Charles Donnelly* acting *pro se* for his pier rights identified herein and serving as *Attorney for Plaintiffs* DiGiovanni's Dock of the Bay, Inc., Prime Island Properties, L.L.C., Conner, LLC, Solomons Island Yacht Club, Inc., Christopher J. Moore, and Wilton D. Gregory, Roman Catholic Archbishop of Washington, and His Successors in Office, a Corporation Sole and Our Lady Star of the Sea, Catholic Church of Solomons, Maryland,