IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

V. CHARLES DONNELLY, *et al.*,

   Plaintiffs,

v.

STATE OF MARYLAND, *et al.*,

   Defendants.

Civil No. **20-3654 PJM**

MEMORANDUM OPINION

This contest between certain Calvert County landowners, on the one hand (Plaintiffs), and the Calvert County Commissioners and the State of Maryland, on the other (Defendants), goes back to 1957 when the State obtained rights of way from Plaintiffs' predecessors in interest so the State could build a bulkhead along the shoreline of the predecessors' properties on the Patuxent River in Solomon's Island. In exchange for the rights of way and the waiver by Plaintiffs' predecessors of water rights appurtenant to same, the State promised the predecessors that they could nevertheless construct piers along the shoreline. A few predecessors, it seems, were allowed to construct the piers, but others, over a period of many years, were denied the right.

In 2012, the State purported to transfer all responsibility for the piers to the Commissioner of Calvert County. From at least that time forward, the County, for various reasons (perhaps aesthetics), denied successor landowners the right to build the piers. That same year, some of the successor landowners sued the Calvert County Commissioners and the State of Maryland in Calvert County Circuit Court. The Maryland Court of Special Appeals at first affirmed the decision of the state trial court that the successor landowners indeed did have a contractual right

1

to build piers. Then, on a second trip to the Court of Special Appeals in 2019, that court held (arguably *ultra petita*) that the successor landowners had no enforceable contract rights at all, and that the County could take away the putative pier rights without compensation. The Maryland Court of Appeals denied certiorari on that appeal on March 27, 2020. Some eight months later, the successor landowners who had pursued the state litigation, joined by a few new successor landowners, filed the present suit in federal court.

In a Memorandum Opinion dated May 12, 2022, the Court for the most part denied the Motion to Dismiss of the Calvert County Commissioners, but deferred decision on the State's Motion to Dismiss. One issue that gave pause was whether the State qua State could be sued in federal court. The Court acknowledged that it could not. However, in order to test whether one or more state actors could be sued here in their individual capacities, the Court gave Plaintiffs leave to seek to add one or more state actors in their individual capacities as Defendants. Plaintiffs have now done so, seeking to amend their Complaint to add Lawrence J. Hogan, Jr. (Maryland Governor), Tim Smith (Administration of the Maryland Department of Transportation State Highway Administration), James F. Ports, Jr. (Maryland Secretary of Transportation), and Horacio Tablada (Maryland Secretary of the Environment) in their individual capacities (the "officials"). The State, needless to say, vigorously opposes the request to add the officials as Defendants. The State's central argument is that the Eleventh Amendment prohibits claims against the officials in federal court because the State would remain the true party in interest.

## I.   LEGAL STANDARD

Once a defendant has filed a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is freely given but subject to several exceptions, including when the amendment would

be "futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). Amendments are considered futile if they could not withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

## II. DISCUSSION

The State submits that the proposed amendment is futile because the State would still be the true party in interest and that sovereign immunity therefore would prohibit the claim. The Court believes that *Hutto v. Finney*, 437 U.S. 678 (1978) and its progeny are controlling. Here, it is clear that any actions of the individuals proposed to be added, vis-à-vis Plaintiffs, would have been taken on behalf of the State and that, moreover, any judgment of restitution that might ultimately be rendered in favor of Plaintiffs would have to be paid out of State funds. Accordingly, the Court is constrained to **DENY** Plaintiffs' Motion and **GRANT** the outstanding Motion to Dismiss of the State, but on Eleventh Amendment grounds only.

Even so, the Court notes that Plaintiffs' claims against the State, as pled in this Court (*e.g.* for unconstitutional taking), may still be pursued in state court. The Court further notes that the State, as the entity that first solicited and obtained the rights of way so that it could construct the Solomons bulkhead from Plaintiff's predecessors in 1957, undertook in 2012 to assign all rights and responsibilities for the Route 2 roadway to Calvert County. But, as assignor of the contracts with Plaintiffs' predecessors, the State would presumably still have an obligation, as assignor, to answer in state court for any claims made by Plaintiffs, as the landowners' successors in interest, as would the Calvert County Commissioners as assignee. *See Rock Spring Plaza II, Inc. v. Invs. Warranty of Am., LLC*, No. CV PJM-20-1502, 2022 WL 3082979, at *6 (D. Md. Aug. 3, 2022); Restatement (Second) of Contracts § 318 (Am. Law Inst. 1981) ("[N]either delegation of

performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor.").

In sum, Plaintiffs' case will go forward in this Court against Calvert County Commissioners.

### III. CONCLUSION

Accordingly, the Court:

**DENIES** Plaintiffs' Motion for Leave to Add Party Defendants in their Individual Capacity, for Leave to File an Amended Complaint and Other Equitable Relief (ECF No. 39);

**DENIES AS MOOT** Plaintiffs' Motion to Strike Defendant State's Opposition to Plaintiffs' Motion to Amend Complaint (ECF No. 41); and

**GRANTS** the State's outstanding Motion to Dismiss (ECF No. 17), but on Eleventh Amendment grounds only.

Within thirty (30) days, Counsel for Plaintiffs and for the Calvert County Commissioners are **DIRECTED** to submit a Joint Proposed Scheduling Order to the Court, in accordance with the Form Scheduling Order that will be submitted to them by the Court, setting discovery deadlines for identification of experts, exchange of experts' reports (if any), and deadlines for dispositive motions (such as for summary judgment). Should the case survive summary judgment, a Pre-Trial Conference will be set.

The parties shall promptly **ADVISE** the Court should they wish to pursue settlement discussions before a Magistrate Judge or other mediator.

A separate Order will ISSUE.

_____Sept 1\_\_, 2022                                              _____/s/_____
                                                                        PETER J. MESSITTE